UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICARDO BARBOSA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-11255-IT |
| | * | |
| JOSH WALL, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

May 8, 2015

TALWANI, D.J.

I.  Introduction

Petitioner Ricardo Barbosa filed a Petition for Habeas Corpus [#1] pursuant to 28 U.S.C. § 2254, challenging his 2011 sentence to community parole supervision for life. For the reasons described below, the court holds that the petition is DISMISSED as moot.

II. Procedural Background

On September 14, 2011, Barbosa pleaded guilty in Lawrence District Court to failure to register as a sex offender and was sentenced to six months incarceration and community parole supervision for life. Status Report Ex. A [#39-1]. In December 2013, Barbosa's parole was revoked. Mem. in Opp'n to Mot. Dismiss Ex. [#21-1]. On March 21, 2014, Barbosa filed the instant habeas corpus petition, which appears to challenge his 2011 sentence to community parole supervision for life. Pet. [#1]. Barbosa completed his sentence for his 2013 parole revocation on May 2, 2014. Opp'n Mot. Dismiss 2 [#22]; Response to Show Cause 5 [#44].

On June 16, 2014, Respondent moved to dismiss Barbosa's petition as moot under Commonwealth v. Cole, 10 N.E.3d 1081 (Mass. 2014) (holding provisions of Massachusetts's

community parole supervision for life statute unconstitutional). Mot. Dismiss [#18]. The court ordered the habeas petition be held in abeyance to provide Barbosa the opportunity to file a Massachusetts Rule of Criminal Procedure 30(a) motion in state court to vacate his sentence of community parole supervision for life. Order [#23]. The court further permitted Respondent the opportunity to renew his motion to dismiss after the adjudication of Barbosa's Rule 30(a) motion. Order [#23], Electronic Order [#25]. On January 15, 2015, Respondent filed a Status Report indicating that the Lawrence District Court had vacated Barbosa's sentence to community parole supervision for life. Status Report [#39]. Respondent further requested the petition be dismissed as moot. Status Report [#39]. On January 20, 2015, the court issued an order for Barbosa to show cause why his petition should not be dismissed as moot. Order to Show Cause [#40]. Barbosa filed a response to the show-cause order and a motion to add additional respondents. Response to Show Cause Order [#44]; Mot. for Habeas Corpus Enlargement [#43]. Respondent opposed Barbosa's motion to add additional respondents and reiterated his request to dismiss the petition as moot. Opp'n to Mot. Amend [#45].

III. Discussion

The Constitution limits federal courts' jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. This means that "federal courts lack constitutional authority to decide moot questions." Barr v. Galvin, 626 F.3d 99, 104 (1st Cir. 2010). "When a case is moot—that is, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome—a case or controversy ceases to exist, and dismissal of the action is compulsory." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001).

Barbosa's petition appears to challenge his 2011 sentence to community parole supervision for life. A Massachusetts court vacated Barbosa's sentence to community parole

2

supervision for life. Status Report Ex. B [#39-2]. Barbosa has not identified a live controversy for this court to resolve in relation to the now-vacated sentence. Nor has Barbosa identified any injury-in-fact stemming from the sentence that is redressable in a federal habeas proceeding. See United States v. Rene E., 583 F.3d 8, 19-20 (1st Cir. 2009). Accordingly, the court concludes that Barbosa's petition is moot.

To the extent that Barbosa's petition can be read as challenging his 2013 parole revocation, that challenge is moot as well. Barbosa admits in his filings that his parole revocation sentence expired on May 2, 2014, and he is no longer in custody pursuant to the revocation. See Response to Show Cause 5 [#44]. Barobosa has not demonstrated that he continues to suffer any legally-cognizable collateral consequences as a result of the revocation. See Spenser v. Kemna, 523 U.S. 1, 8-18 (1998) (holding moot defendant's challenge to a parole revocation because defendant completed the term of incarceration resulting from the revocation); United States v. Mazzillo, 373 F.3d 181, 182-83 (1st Cir. 2004) ("An appeal from an order revoking supervised release is ordinarily moot if the sentence is completed before the appeal is decided."). Thus, any challenge to the parole revocation raised in the petition is moot.[1]

Barbosa contends that his petition is not moot on two grounds. First, Barbosa asserts that "there's compensation in monetary reimbursement from his illegal sentence served." Response to Show Cause 9 [#44]. Generally, a habeas petition serves to challenge the custody of the petitioner and not to seek monetary relief. See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical

---

[1] Barbosa states that he is currently in custody in relation to a new indictment, for which he was arraigned on June 13, 2014. See Opp'n Mot. Dismiss 2 [#22]; Response to Show Cause 5 [#44]. Barbosa does not challenge his custody relating to the new indictment.

3

confinement.").[2]  Second, Barbosa asserts that his petition should not be dismissed as moot because he is currently litigating a motion to vacate his 2011 guilty plea in state court.  Response to Show Cause 8 [#44]; Reply 5 [#46].  Barbosa, however, did not raise a challenge to the validity of his 2011 guilty plea in his present § 2254 petition and, in any event, such a challenge would be subject to dismissal for failure to exhaust state court remedies.  See Rhines v. Weber, 544 U.S. 269, 277 (2005) (holding that the stay-and-abeyance procedure is only available in "limited circumstances" where there is "good cause for the petitioner's failure to exhaust his claims first in state court").

IV.     Conclusion

For the above-stated reasons, Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as Moot [#18] is ALLOWED, and Barbosa's § 2254 petition is DISMISSED as moot.  Barbosa's Motion for Habeas Corpus Enlargement to Include Other (5) Direct Members of the Massachusetts Parole Board, the Sex Offender Registry Board of Massachusetts and the Essex County Sheriff's Department S.I. Officer and F.B.I Agent, in Total (7) Respondents to be Included [#43] is DENIED.

V.      Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court hereby DENIES a certificate of appealability in the above-referenced case.

IT IS SO ORDERED.

May 8, 2015                                          /s/ Indira Talwani
                                                     United States District Judge

---

[2] Barbosa has a separate complaint pursuant to § 1983 pending in this court.  See Barbosa v. Commonwealth of Massachusetts, No. 14-13439-ADB.